_____

No. 95-2641
_____

United States of America,       *
                                *
          Appellee,             *
                                *
     v.                         *  Appeal from the United States
                                *  District Court for the
Walter Cavanaugh, also known as *  District of North Dakota
Porgie Cavanaugh,               *
                                *  (UNPUBLISHED)
          Appellant.            *


_____

          Submitted:  February 7, 1996

            Filed:  May 10, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Walter Cavanaugh appeals from the final judgment entered in the
District Court for the District of North Dakota upon a guilty plea to a
superceding information charging him with abusive sexual contact with a
child under the age of 12, within Indian country, in violation of 18 U.S.C.
§§ 2244(a)(1) and 1153.  The district court sentenced Cavanaugh to 24
months imprisonment and two years supervised release.  For reversal, he
argues that the district court erred in calculating his base offense level.
For the following reasons, we vacate Cavanaugh's sentence and remand for
resentencing.


     The victim told investigators that, in the summer of 1993, she was
walking down a road with Cavanaugh when he lay down by the side of the
road, asked her to approach him, and requested that she lie

down beside him, which she did.  Cavanaugh removed the victim's pants and "bloomers," began to rub her between the legs, and placed his finger inside her vagina.  The victim stated that Cavanaugh would not stop rubbing her, and that he was kissing her and trying to get on top of her.  Cavanaugh finally told the victim to pull up her pants, that he was just tricking her, and that she should never tell anyone or he would kill her.

The probation officer who prepared Cavanaugh's presentence report (PSR) recommended a base offense level of 16 under U.S.S.G. § 2A3.4(a)(1), which applies "if the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b)."  Commentary explains in relevant part that those "means" include "using force against the victim," or "threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping."  U.S.S.G. § 2A3.4, comment. (n.1). The probation officer added 4 levels because the victim was under age 12, and subtracted 3 levels for acceptance of responsiblity.  The resulting offense level of 17 and Cavanaugh's Category I criminal history produced a Guidelines sentencing range of 24-30 months.

Cavanaugh objected to the base offense level of 16, arguing that the proper base offense level was 10.  See U.S.S.G. § 2A3.4(a)(3) (base offense level is 10 when offense was committed by means other than those set forth in § 2241(a) or (b), or in 18 U.S.C. § 2242).  The district court nevertheless adopted the calculations in the PSR, noting that it was considering Cavanaugh's act; the victim's age, coupled with the warning to her; and the child's helplessness.  The district court did not connect these factors, however, with the issue of whether the offense was committed by the use of force or threats.  Instead, the district court indicated that these factors weighed against awarding Cavanaugh an acceptance-of-responsibility reduction.

On appeal, Cavanaugh maintains that the information before the

district court did not support a factual finding that force or threats were used to commit the crime, and that the district court wanted to assess a final offense level of 17 and honor the government's recommendation for an acceptance-of-responsibility reduction, regardless of the correct application of the Guidelines. The government agrees that the case should be remanded.

Upon our review of the record, we conclude that the district court failed separately to analyze the issues of acceptance of responsibility and base offense level. The district court also did not make clear findings on whether force or threats were used in commission of the offense. It is therefore unclear why the district court concluded the appropriate base offense level was 16. Accordingly, we vacate Cavanaugh's sentence and remand the case with directions to the district court to reconsider these sentencing issues, consistent with this opinion, and to resentence him.[1]

A true copy.
Attest:
CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]We reject as meritless the remaining arguments raised in Cavanaugh's brief.